# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE D. BOOKER-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV42 NAB |
| | ) | |
| MS. ROBERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Terrance D. Booker-Bey (registration no. 76473), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will not assess an initial partial filing fee at this time.[1] Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

---

[1] Plaintiff has attached an inmate account statement from the St. Louis County Justice Center showing a negative account balance of $576.73.

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff names the following as defendants in this action: Ms. Roberson and the St. Louis County Department of Justice Services. Ms. Roberson, a Correctional Officer, is named in her individual capacity only.

Plaintiff asserts that Ms. Roberson violated his "right to privacy" when she told other inmates that his wife used to work at the St. Louis County Justice Center. He alleges that Ms. Roberson stated, in front of other inmates and officers, "The reason that Mr. Booker feels that somebody is supposed to bow down to him is because his wife used to work here." Plaintiff believes that Ms. Roberson's comment was a violation of his constitutional rights.

Plaintiff also alleges that Ms. Roberson was "bonded through employment to the St. Louis County Department of Justice Services," and as such this places St. Louis County in violation of the Constitution.

Plaintiff seeks monetary damages in his complaint.

## Discussion

With the exception of limited circumstances involving a special relationship, an inmate has no reasonable expectation of privacy in jailhouse conversations. *Lanza v. State of N.Y.,* 370 U.S. 139 (1962). However, where jailhouse officials lull a prisoner into believing that his or her conversations will remain private, there is a reasonable expectation of privacy with respect thereto, and the contents of such a conversation may not be used against the inmate. *See, e.g., U.S. v. Horr,* 963 F.2d 1124 (8th Cir. 1992); *People v. Penrod*, 112 Cal. App. 3d 738 (5th Dist. 1980). Plaintiff has not alleged that he was lulled into thinking that his wife's prior working relationship at the Justice Center would be kept private. Additionally, the fact that his wife previously worked at the Justice Center is not the kind of information that a reasonable expectation of privacy is usually afforded. *See, e.g., Nolley v. County of Erie*, 776 F. Supp. 715 (W.D. N.Y. 1991) (allowing for privacy of disclosure of prisoners' human immunodeficiency virus (HIV) status). As such, the Court finds that plaintiff's claim for relief against Ms. Roberson is subject to dismissal.[2]

Plaintiff's claims against St. Louis County and/or St. Louis County Justice Services, are also subject to dismissal. To establish municipal liability under § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity. *Monell v. N.Y. Dep't of Soc. Servs.,* 436 U.S. 658, 690–92 (1978). There are

---

[2]Ms. Roberson's comment may have been unprofessional or rude, but unprofessional or rude behavior fails to implicate a constitutional right. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (rudeness and unprofessionalism are not constitutional deprivations).

two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir.2008). Plaintiff has not alleged either situation in his complaint. Therefore, his claims for relief against St. Louis County and/or St. Louis County Justice Services are subject to dismissal.

To the extent plaintiff is bringing any state law claims for relief against defendants, those claims are subject to dismissal pursuant to 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff is not required to pay a filing fee at this time.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent plaintiff is seeking any state law claims in this action, those claims are dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of June, 2018

                                  HENRY EDWARD AUTREY
                                UNITED STATES DISTRICT JUDGE